COPY

1  LATHAM & WATKINS LLP
     Daniel Scott Schecter (Bar No. 171472)
2      daniel.schecter@lw.com
     Michael Jaeger (Bar No. 289364)
3      michael.jaeger@lw.com
   355 South Grand Avenue
4  Los Angeles, California 90071-1560
   Telephone: +1.213.485.1234
5  Facsimile: +1.213.891.8763

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    LACV14-9514 DSF(JEMx)

11 DIRECTORS GUILD OF AMERICA,     Case No.:
   INC., HORATIO, INC., AND
12 ALBERT HUGHES,
                                   **COMPLAINT TO CONFIRM AND**
13              Plaintiffs,        **ENFORCE ARBITRATION AWARD**

14       v.

15 RANDALL EMMETT/GEORGE
   FURLA PRODUCTIONS, LLC,
16
                Defendant.
17

18

19       Plaintiffs Directors Guild of America, Inc. ("DGA"), Horatio, Inc.

20 ("Horatio"), and Albert Hughes ("Mr. Hughes") (collectively, "Plaintiffs"), for

21 their complaint in the above-captioned action against Defendant Randall

22 Emmett/George Furla Productions, LLC ("EFP"), allege as follows:

23                          **INTRODUCTION**

24       1.    This is an action to confirm and enforce a labor arbitration award

25 related to the theatrical motion picture entitled *Motor City* (the "Picture") under

26 Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185

27 and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"). Specifically, EFP

28 breached a settlement agreement entered into with Plaintiffs dated December 10,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES                                                              COMPLAINT

2013 (the "Settlement Agreement") regarding initial compensation owed to Horatio, Inc. for the services of Director Albert Hughes on the Picture. The parties entered into the Settlement Agreement during an earlier arbitration, which arose out of Plaintiffs' claims that EFP failed to pay Mr. Hughes for directing services on the Picture. EFP failed and refused to make the final two payments required under the Settlement Agreement; Plaintiffs were then forced to file another arbitration claim to enforce the terms of the Settlement Agreement.

2. Plaintiffs seek enforcement of the November 21, 2014 arbitration award ("Award") issued by Arbitrator Barry Winograd in the Matter of the Arbitration between Plaintiffs and EFP (DGA-Producers Arbitration Tribunal Case No. 10002674).

3. The Award requires EFP, as mandated in the Settlement Agreement:
- To pay $125,000 to Horatio f/s/o Albert Hughes, representing unpaid amounts due under the Settlement Agreement;
- To pay $3,582 to the DGA, representing legal fees incurred in connection with obtaining the Award;
- To pay to the DGA any additional legal fees and costs incurred in confirming the Award in this Court (and any appeals or further enforcement of Plaintiffs' rights under the Settlement Agreement); and
- To pay the Arbitrator's fees and expenses of $1,400, which were advanced by the DGA and are to be recouped from EFP.

This action is necessitated by EFP's ongoing failure and refusal to comply with the Settlement Agreement and the Award.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, the FAA, and 28 U.S.C. § 1331.

5. Venue lies in this judicial district under Section 301(a) of the LMRA,

29 U.S.C. § 185(a), because Plaintiffs and EFP both transact business in this judicial district and thus come within the personal jurisdiction of this Court. Venue also lies in this judicial district under 28 U.S.C. § 1391(b) as EFP resides in this judicial district and because a substantial part of the events giving rise to the action occurred in this judicial district.

## THE PARTIES

6. EFP is an entity involved in the production of motion pictures and employer within the meaning of Section 301(a), 29 U.S.C. § 185(a) with its principal place of business in this District.

7. The DGA is a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a) with its principal place of business at 7920 Sunset Blvd., Los Angeles, CA 90046; the DGA at all times relevant to this action has represented a bargaining unit of a director, unit production manager, and assistant directors employed by EFP on the Picture.

8. Horatio, Inc. is a corporation organized under the laws of the State of California with its principal place of business in this District.

9. Mr. Hughes is a U.S. citizen and resident of the Czech Republic.

## THE ARBITRATION PROCEEDING

10. The DGA was a party to a collective bargaining agreement with Georgia Film Fund Sixteen, LLC ("Georgia Film") that was effective from July 1, 2011 through June 30, 2014, and by which EFP also is bound as a parent company, single employer, joint employer, and/or alter ego of Georgia Film, entitled the DGA Basic Agreement of 2011 (the "Basic Agreement").

11. During the term of the Basic Agreement, EFP began production on the Picture and employed DGA-represented employees in the production of the Picture.

12. EFP employed DGA member Mr. Hughes, through his loan-out company Horatio, to direct the Picture. Pursuant to a fully executed deal memo,

Mr. Hughes' start date was July 23, 2012, and Mr. Hughes was to be paid a fee for directing the Picture.

13. Mr. Hughes commenced DGA-covered pre-production services on or about July 23, 2012, and continued working until September 2, 2012, at which time EFP shut down production of the Picture. Principal photography on the Picture had been scheduled to commence on Monday, September 17, 2012, two weeks before the production was shut down.

14. Plaintiffs ultimately filed an arbitration claim alleging that, in breach of Basic Agreement Paragraph 6-101 and Articles 4 and 7, EFP failed to pay Mr. Hughes the remaining initial compensation due to him.

15. The parties held the first day of an arbitration hearing before Arbitrator Barry Winograd on September 13, 2013, at the offices of the DGA.

16. The parties concluded settlement negotiations and entered into the Settlement Agreement between the first and second arbitration hearing dates.

17. Specifically, in the Settlement Agreement EFP agreed to pay a total of $225,000 to Horatio, Inc. f/s/o Albert Hughes in four installments. The final two installments totaling $125,000 were due no later than October 1, 2014.

18. In breach of the Settlement Agreement, EFP failed to make the final two installment payments.

19. On October 7, 2014, counsel for the DGA gave notice of EFP's failure to pay the final two installments via e-mail to its counsel, Richard Rosenthal. EFP failed to cure its breach within the five days provided in the Settlement Agreement.

20. Paragraph 3 of the Settlement Agreement provides for expedited arbitration of disputes arising out of or related to the Settlement Agreement:

> Any dispute arising out of or relating to this Settlement Agreement, including any failure to pay any sums required to be paid pursuant to Paragraph 1 above, shall be subject to grievance and arbitration as the exclusive

   means of binding dispute resolution pursuant to Article 2 of the DGA Basic Agreement. . . . In the event that [EFP] fails to make payments by the deadlines set forth in Paragraph 1 above, and fails to cure that breach within 5 days of notice by email to its counsel (Richard Rosenthal), it is expressly agreed that an expedited arbitration may be conducted pursuant to Section 2-400 *et seq.* of the DGA Basic Agreement before Arbitrator Winograd, and that all aspects of such arbitration may be conducted telephonically and after normal business hours, or solely on the written record, if the schedules of Arbitrator Winograd, counsel, or any witness do not permit an arbitration in-person and/or during normal business hours.

21. The Settlement Agreement also includes an attorney's fees clause:

   In the event any Party prevails in [a] proceeding to enforce any of the terms of this Agreement, preserve its rights under this Settlement Agreement, or in the event of breach by any Party of obligations under this Settlement Agreement, said moving and prevailing Party shall be entitled to all arbitrator's fees, attorneys' fees, costs and expenses ("Legal Expenses") incurred in enforcing the terms of this Settlement Agreement . . . ."

22. Plaintiffs filed an expedited arbitration claim against EFP and obtained a November 17, 2014 date for a hearing before Arbitrator Winograd regarding EFP's breach of the Settlement Agreement. Counsel for EFP, Richard M. Rosenthal, was given proper notice of the hearing; Mr. Rosenthal confirmed in writing to Arbitrator Winograd that EFP would not file a response to the expedited

1 | arbitration claim and would not appear at the hearing.

2 |     23.    At the hearing, the DGA presented both oral and documentary evidence, which was received by the Arbitrator.

4 |     24.    The evidence established that EFP owed the final two settlement installments representing initial compensation payable to Horatio f/s/o Albert Hughes in the amount of $125,000 and attorney's fees incurred by the DGA in obtaining the Award in the amount of $3,582.

8 |     25.    On November 21, 2014, based on the documents and testimony presented at the hearing, and the governing provisions of the Basic Agreement, Arbitrator Winograd issued the Award, requiring EFP to pay (1) initial compensation to Horatio, Inc. f/s/o Albert Hughes in the amount of $125,000; (2) $3,582 to the DGA, representing its legal fees incurred in obtaining the Award; and (3) $1,400 to the DGA, representing the Arbitrator's fees, which were advanced by the DGA and are to be recouped from EFP. The Award also requires EFP to pay to the DGA any additional legal fees and costs incurred in confirming the Award in a court of competent jurisdiction and enforcing its rights under the Settlement Agreement.

18 |     26.    Arbitrator Winograd sent a copy of the Award to counsel for EFP.

19 |     27.    Since the Award issued, EFP has failed and refused to make any of the payments required by the Award, despite repeated requests from counsel for the DGA.

## CLAIM FOR RELIEF

23 |     28.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 27 above.

25 |     29.    By failing and refusing to comply with the Award, including by failing and refusing to make any of the payments required by the Award, EFP breached its obligations under the Settlement Agreement, the Award, and the Basic Agreement.

30.   Plaintiffs are entitled to a judgment confirming and enforcing the Award as a judgment, including payment of fees and costs in bringing this action to enforce the Award, as stated in the Award.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court issue a judgment in its favor:

    (a)   Confirming and enforcing the Award;

    (b)   Ordering EFP to pay $125,000 to Horatio, Inc. f/s/o Albert Hughes, $3,582 to the DGA for its legal fees incurred in obtaining the Award, and $1,400 to the DGA for fees paid to the Arbitrator;

    (c)   Ordering EFP to pay all additional legal fees and costs incurred by Plaintiffs in connection with this action; and

    (d)   Providing such other and further relief as this Court may deem just and proper.

Dated:  December 11, 2014

LATHAM & WATKINS LLP
Daniel Scott Schecter
Michael Jaeger

By _____
Michael Jaeger
Attorneys for Plaintiffs